GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
F. J. WEIMERS.

No. 6355.

**Costs on Appeal from Justice Courts.**—Recovery was had for thirty-five dollars in a Justice Court; defendant appealed, and on appeal judgment was rendered for thirty dollars and accrued interest, aggregating over thirty-five dollars. *Held,* error to compute interest during the appeal so as to impose costs upon the appellant when in fact by appeal he had reduced the recovery.

APPEAL from Medina. Tried below before Hon. Thomas M. Paschal. The opinion states the case.

*S. B. Easley,* for appellant, cited Rev. Stats., art. 1432; Bailey v. James, 64 Texas, 546.

No brief for appellee has reached the Reporter.

HOBBY, JUDGE.—Judgment was rendered in the Justice Court of Precinct No. 3, of Medina County, against the Galveston, Harrisburg & San Antonio Railway Company, and in favor of F. J. Weimers, on January 17, 1886, for the sum of thirty-five dollars, upon a cause of action accruing on August 11, 1884. An appeal to the District Court of Medina County, prosecuted by the Galveston, Harrisburg & San Antonio Railway Company, resulted in a judgment against appellant upon the same cause of action for the sum of thirty dollars with interest thereon from the accrual of the cause of action August 11, 1884, to the rendition of the judgment June 17, 1887, at the rate of 8 per cent interest. This interest amounted to $6.80, making the judgment aggregate the sum of $36.80. Judgment was also rendered against appellant for all the costs incurred in both courts. Appellant's motion to retax the costs and assess.

such as accrued in the District Court against appellee was overruled. From this ruling this appeal is prosecuted. The ground upon which the motion was made in the District Court was that the judgment of that court being for a less sum ($30) than that appealed from ($35) in the Justice Court, the costs incurred in the former court should not have been taxed against appellant. The reply to this, contained in the bill of exceptions, is that although the judgment against appellant in the Justice Court was for $35, and that in the District Court was for only $30, "still the interest on said $30 pending this appeal, added to said $30, makes the same more than $35, the amount of the judgment of the lower court, and therefore the judgment of the District Court is greater," etc. To this conclusion of the court appellant excepted for the reason "that the interest pending the appeal should not be counted in determining the amount of the judgment as to computation of costs."

The statute (art. 1432, Rev. Stats.) regulating the matter of costs in appeals from the Justice Court to the District Court, and the construction of which becomes necessary in this case, provides in substance that in cases of appeal by the party against whom judgment was rendered, if the judgment of the court above be against him but for a less sum, such party shall recover the costs of the court above; if for the same or a greater sum, he shall pay the costs of both courts.

In this case it is literally true that the judgment rendered in the District Court was for a greater sum than that recovered against him in the Justice Court, the former aggregating $36.80 while the latter was for $35. But it will be observed that the judgment upon the cause of action proper, and from which the appeal was taken, was a greater sum ($35) than that recovered in the District Court ($30), and that it was only by the addition of the interest pending the appeal that the judgment in the District Court was made to exceed the judgment appealed from. If the interest which accrued pending the appeal be deducted the result is that the judgment in the District Court is for a less amount than that complained of, and on account of which the appeal was prosecuted.

The object of the statute referred to was evidently to prevent the prosecution of appeals from the Justice Court to the District Court, which were without merit and frivolous. But it was not intended to restrict the right of appeal in cases of erroneous judgments. To prevent appeals merely for delay—and this is shown when on appeal the judgment is not reduced or is for a larger sum—the statute requires the appellant to pay the costs of both courts. On the other hand, if the merit of the appeal is shown in a reduction of the judgment complained of, then to the extent such judgment is reduced on appeal is the error in it shown; and as the appellee's erroneous judgment has necessitated a resort to the appeal by the appellant to correct the error the appellee should be taxed with the costs of this proceeding. Bailey & Goodjohn v. Jones, 64 Texas, 547.

If this be a correct construction of the statute referred to, then however erroneous the judgment appealed from, as illustrated in a reduction of the amount in the District Court, the object of the statute will be defeated, as is made apparent in this case, by the addition of interest accruing pending the appeal to the judgment recovered in the District Court, making it equal to or greater than the judgment appealed from.

In the present case the result of the appeal from the Justice Court to the District Court was to develop the fact that the judgment recovered against appellant in the former court should have been $30 instead of $35. It was therefore for a less sum in the District Court than was recovered against appellant in the Justice Court. To show this error in the judgment in favor of appellee a resort to an appeal was necessary by the appellant, and the appellee should be taxed with the costs of the proceedings in the District Court. While appellee is entitled to interest pending the appeal, we do not think it should be added to the judgment upon the cause of action so as to tax the costs of both courts against appellant.

We think the judgment should be reversed and here rendered that appellant pay the costs of the Justice Court and appellee the costs of the District Court.

*Reversed and rendered.*

Adopted October 22, 1889.